UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PETER LADUNSKIY,

                Plaintiff,

      v.

FIRST HORIZON CORPORATION, et al.,

             Defendants.

CASE NO. C12-5637 BHS

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

      This matter comes before the Court on Defendants First Horizon Home Loans, a division of First Tennessee Bank National Association, successor-in-interest by merger to First Horizon Home Loan Corporation ("First Horizon"), and Mortgage Electronic Registrations Systems, Inc.'s ("MERS") (collectively "Defendants") motion to dismiss (Dkt. 8). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the motion for the reasons stated herein.

# I. PROCEDURAL HISTORY

On June 5, 2012, Plaintiff Peter Ladunskiy ("Ladunskiy") filed a complaint against Defendants and Quality Loan Service Corp. of Washington ("QLS") in Clark County Superior Court for the State of Washington alleging unfair business practices in violation of the Washington State Consumer Protection Act, RCW Chapter 19.86 ("CPA"); common law fraud; aiding and abetting; prohibited practices under the Washington Consumer Loan Act, RCW Chapter 18.44 ("CLA"); declaratory relief; slander of title; quiet title of property; and injunctive relief.  Dkt. 1, Exh. A ("Complaint").

On July 18, 2012, Defendants removed the action to this Court.  Dkt. 1.

On July 25, 2012, Defendants filed a motion to dismiss.  Dkt. 8.  On August 10, 2012, Ladunskiy responded.  Dkt. 11.  On August 17, 2012, Defendants replied.  Dkt. 13.

On August 30, 2012, the Court granted the parties' stipulated motion to renote the motion and accept additional briefing in light of the Washington Supreme Court decision in *Bain v. Metropolitan Mortg. Group, Inc.,*--- P.3d ----, 2012 WL 3517326 (Wn. 2012) ("*Bain*").  Dkt. 17.  On September 21, 2012, Ladunskiy filed a supplemental brief (Dkt. 19) and Defendants filed a supplemental brief (Dkt. 21).

# II. FACTUAL BACKGROUND

Ladunskiy was the owner of certain real property commonly known as 24600 N.E. 123rd Circle, Brush Prairie, Washington 98606 (the "Property").  Dkt. 7-1, ¶12. The Property is legally described as: "LOT 18, SUMMER HILLS, DIVISION II, According

to the Plat Thereof, Recorded in Volume "J" of Plats, Page 417, records of Clark County, Washington." *Id*.

On or about May 3, 2005, Ladunskiy borrowed $507,365 from First Horizon Corporation d/b/a First Horizon Home Loans ("F.H.Corp."). He signed a promissory note in that amount payable to F.H.Corp.'s order, dated May 3, 2005. Dkt. 9, Request for Judicial Notice ("RJN"), Exh. 1 ("Note"); Dkt. 7-1, ¶¶ 14-15, 22, 24-25, 40, 53-54, 66, 74.

To secure his obligations due under the Note, Ladunskiy granted a Deed of Trust against the Property, referencing the Note (the "Deed of Trust"). The Deed of Trust identified F.H.Corp. as the Lender and MERS as the Lender's nominee, and was also dated May 3, 2005. The Deed of Trust was recorded against the Property on May 9, 2005, as Clark County Auditor's Instrument No. 3985140. RJN, Exh. 2; Dkt. 7-1, ¶¶ 14-15 & Exh. A.

On April 17, 2009, MERS, acting as Nominee for F.H.Corp., executed an assignment of the beneficial interest in the Deed of Trust (the "First Horizon Assignment") to First Horizon Home Loans, a division of First Tennessee Bank National Association ("First Horizon"). The First Horizon Assignment was recorded on June 25, 2009, as Clark County Auditor's Instrument No. 4576605 ADT. RJN, Exh. 3. On April 23, 2009, First Horizon appointed a Successor Trustee under the Deed of Trust. Quality Loan Service Corp. of Washington ("QLS"), acting as attorney-in-fact for First Horizon, executed an Appointment of Successor Trustee, appointing QLS as Successor Trustee (the "QLS Appointment"). The QLS Appointment was recorded on April 27, 2009, as

1 | Clark County Auditor's Instrument No. 4554421 APTTR.  RJN, Exh. 4; Dkt. 7-1, ¶¶ 56,
2 | 75, 92, 115, and 118.

3 |      Over one year later the Successor Trustee, QLS, issued the first of three different
4 | Notices of Trustee's Sale concerning the Property.  The first notice, dated February 1,
5 | 2010, scheduled Trustee's sale of the Property for May 7, 2010 (the "First Notice").  The
6 | First Notice was issued due to Ladunskiy's default on the Note.  The notice was recorded
7 | on February 3, 2010, as Clark County Auditor's Instrument No. 4639476 NTS.  RJN,
8 | Exh. 5.  No Trustee's sale was conducted under the First Notice.

9 |      Just over six months later, on July 15, 2010, QLS issued a second Notice of
10 | Trustee's Sale (the "Second Notice").  The Second Notice scheduled the Trustee's sale
11 | for October 22, 2010. The Second Notice was recorded on July 19, 2010, as Clark
12 | County Auditor's Instrument No. 4681973 NTS.  RJN, Exh. 6.

13 |      Seven months after the Second Notice was issued, the Trustee's sale of the
14 | property was conducted on February 18, 2011.  The Property was sold to First Horizon.
15 | A Trustee's Deed Upon Sale dated February 24, 2011, was issued by QLS and recorded
16 | on February 28, 2011, as Clark County Auditor's Instrument No. 4746625 D (the
17 | "Trustee's Deed").  RJN, Exh. 7.  Less than three months later, that sale was rescinded.
18 | QLS issued a Notice of Rescission of Trustee's Deed Upon Sale dated May 9, 2011 (the
19 | "Rescission"). The Rescission was recorded on May 11, 2011, as Clark County Auditor's
20 | Instrument No. 4763083 RESC.  RJN, Exh. 8.

21 |      Immediately after the Rescission was recorded, a Third Notice of Trustee's Sale
22 | was issued by QLS (the "Third Notice").  The Third Notice was dated May 10, 2011, and

1    scheduled the sale for August 12, 2011. It was recorded a few hours after recording of the

2    Rescission on May 11, 2011, as Clark County Auditor's Instrument No. 4763175 NTS.

3    RJN, Exh. 9.  No Trustee's sale was conducted under the Third Notice.

4        On October 24, 2011, the beneficial interest in the Deed of Trust was assigned a

5    second time (the "BONY Assignment").  Nationstar Mortgage LLC, acting as attorney-

6    in-fact for First Horizon, assigned the beneficial interest to The Bank of New York

7    Mellon f/k/a The Bank of New York, as Trustee for the holders of the Certificates, First

8    Horizon Mortgage Pass-Through Certificates Series FHAMS 2005-AA6, by First

9    Horizon Home Loans, a division of First Tennessee Bank National Association, Master

10   Servicer, in its capacity as agent for the Trustee under the Pooling and Servicing

11   Agreement ("BONY").  The BONY Assignment was recorded on November 4, 2011, as

12   Clark County Auditor's Instrument No. 4805486 ADT.  RJN, Exh. 10.

13                              **III. DISCUSSION**

14   **A.    Standard**

15       Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil

16   Procedure may be based on either the lack of a cognizable legal theory or the absence of

17   sufficient facts alleged under such a theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d

18   696, 699 (9th Cir. 1990).  Material allegations are taken as admitted and the complaint is

19   construed in the plaintiff's favor.  *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir.

20   1983).  To survive a motion to dismiss, the complaint does not require detailed factual

21   allegations but must provide the grounds for entitlement to relief and not merely a

22   "formulaic recitation" of the elements of a cause of action.  *Bell Atlantic Corp. v.*

1   *Twombly,* 127 S. Ct. 1955, 1965 (2007).  Plaintiffs must allege "enough facts to state a

2   claim to relief that is plausible on its face."  *Id.* at 1974.

3       In the event the court finds that dismissal is warranted, the court should grant the

4   plaintiff leave to amend unless amendment would be futile.  *Eminence Capital, LLC v.*

5   *Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

6   **B.    Fraud**

7       A plaintiff must plead all nine elements of a fraud claim: (1) representation of an

8   existing fact; (2) materiality; (3) falsity; (4) the speaker's knowledge of its falsity; (5)

9   intent of the speaker that it should be acted upon by plaintiff; (6) plaintiff's ignorance of

10  its falsity; (7) reliance on the representation; (8) plaintiff's right to rely upon it; and (9)

11  actual harm.  *See e.g., Stiley v. Block*, 130 Wn.2d 486, 505 (1996).  These nine elements

12  must be pled with particularity, which requires that the pleading apprise defendant of the

13  facts giving rise to the fraud allegation.  *Adams v. King Co.*, 164 Wn.2d 640, 662 (2008).

14      In this case, Ladunskiy's fraud claim consists mostly of labels and legal

15  conclusions.  Complaint, ¶¶ 73–86.  Ladunskiy does, however, allege two somewhat

16  specific facts in support of his claim:

17          Defendant FHC falsely represented itself as the lender on the
            purported Note and Deed of Trust while knowingly and willfully omitting
18          the name of the real lender/creditor.
            Defendants FTB and QLS have caused to be filed in public records,
19          false and misleading documents, to wit, an Appointment of Successor
            Trustee, Notice of Default, and Notice of Trustee's Sale. These documents
20          attempted to allege and convey a beneficial interest where none lawfully
            existed.

21

22

1  Complaint, ¶¶ 74–75.  With regard to the first allegation, Defendants argue that there was

2  no false representation as to who the lender was on the Note or Deed of Trust.  Dkt. 8 at

3  9–11.  Ladunskiy failed to contest this argument (*see* Dkt. 11 at 13–14), and it appears

4  that there was no misrepresentation as to the lender.  Therefore, the Court dismisses with

5  prejudice any fraud claim based on misrepresenting the lender in the Note or Deed of

6  Trust.

7          With regard to the second allegations, the Court finds that Ladunskiy has failed to

8  comply with the specificity requirements for pleading fraud.  Moreover, it's unclear how

9  any of these representations were material, caused harm, or support a claim for fraud in

10  the inducement.  Even though Ladunskiy's complaint is deficient, the Court is unable to

11  find that any amendment would be futile.  Therefore, the Court dismisses the remainder

12  of Ladunskiy's fraud claim without prejudice and with leave to amend.

13  **C.       Aiding & Abetting**

14          Defendants correctly state that Ladunskiy's aiding & abetting claim fails if the

15  underlying fraud claim fails.  Dkt. 8 at 21.  The Court agrees.  Therefore, the Court grants

16  Defendants' motion to dismiss Ladunskiy's aiding and abetting claim without prejudice

17  and with leave to amend.

18  **D.       Quiet Title**

19          Quiet title actions are "designed to resolve competing claims of ownership . . . [or]

20  the right to possession of real property."  *Kobza v. Tripp*, 105 Wn.App. 90, 95 (2001).

21  Washington's statute governing quiet title actions recognizes that a deed of trust creates

22

1  only a secured lien on real property, and does not convey any ownership interest or right

2  to possess the subject property.  RCW 7.28.230(1).

3       In this case, Defendants argue that Ladunskiy fails to assert that there are

4  competing claims to ownership of the property.  Dkt. 8 at 24–25.  The Court agrees and

5  finds that any amendment would be futile.  Therefore, the Court dismisses Ladunskiy's

6  quiet title claim with prejudice.

7  **E.     Slander of Title**

8       To succeed on a slander of title claim, a plaintiff must show: (1) false words; (2)

9  maliciously published; (3) referencing a pending sale or purchase of property; (4) which

10  go to defeat plaintiff's title; and (5) result in pecuniary loss to plaintiff.  *Rorvig v.*

11  *Douglas*, 123 Wn.2d 854, 859-60 (1994).

12       In this case, Defendants argue that Ladunskiy's slander of title claim is moot.

13  Specifically, Defendants contend that the documents it did record are expired and

14  "*cannot* defeat the Plaintiff's title, *cannot* result in pecuniary loss to him, and *cannot*

15  serve as a hostile claim to the property."  Dkt. 13 at 12 (emphasis in original).

16  Defendants cite no authority for this proposition and have failed to sufficiently show that

17  this is the law.  Without authority to the contrary, it seems that a properly pled slander of

18  title claim would lie regardless of whether a party withdrew its publication or the date of

19  sale passed without a sale.  Therefore, the Court denies Defendants' motion as to

20  Ladunskiy's claim for slander of title.

21

22

**F.      CPA**

The five elements required to establish a violation of the CPA are: "(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; (5) causation." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780 (1986).

In this case, Ladunskiy's CPA claim is based on misrepresentations, violations of federal statutes, and violations of the CLA.  Complaint, ¶¶ 64–72.  Defendants argue that Ladunskiy "cannot and will not be able to prove necessary elements of his CPA claim . . . ."  Dkt. 13 at 10-11.  Defendants, however, rely on cases involving decisions of summary judgment.  *See id.* at 10, l. 18 (citing *Brown ex rel. Richards v. Brown*, 157 Wn.App. 803, 816-17 (2010)).  With regard to factual allegations, Ladunskiy has, at a minimum, pled misrepresentations that support a claim upon which relief may be granted. Therefore, the Court denies Defendants' motion on this portion of Ladunskiy's CPA claim.

Second, Defendants argue that Ladunskiy's alleged violations of federal statutes are untimely.  Dkt. 8 at 19–20.  While there is authority for the proposition that time-barred violations of federal statutes cannot support a *per se* violation of the CPA, Defendants do not address whether the alleged acts that constitute violations of the federal statutes cannot support any violation of the CPA or whether the statute of limitations is subject to tolling.  Therefore, the Court denies Defendants' motion on this portion of Ladunskiy's CPA claim.

Third, Defendants argue that the CLA does not apply to the facts of this case. Ladunskiy failed to respond to this argument, and the Court agrees with Defendants on the merits. Therefore, the Court dismisses with prejudice Ladunskiy's claim for a violation of the CPA based on violations of the CLA.

**G.     RCW Chapter 18.44 – Escrow Agent Registration Act**

Ladunskiy asserts a claim for various violations of Washington's Escrow Agent Registration Act ("EARA"). Complaint, ¶¶ 94–99. Defendants contend that this statute does not apply to them. Dkt. 8 at 21–22. Ladunskiy fails to contest Defendants' contention, and the Court agrees with Defendants. Therefore, the Court grants Defendants' motion and dismisses Ladunskiy's EARA claim with prejudice.

**H.     Declaratory & Injunctive Relief**

Defendants argue that Ladunskiy's claims for declaratory and injunctive relief are not stand-alone claims, but are types of relief. The Court agrees. Therefore, the Court dismisses Ladunskiy's stand-alone claims for declaratory and injunctive relief. Ladunskiy may include such requests for relief in an amended complaint.

**I.     *Bain***

Ladunskiy argues that "the *Bain* decision has a direct impact on the present case and his claims in the First Amended Complaint." Dkt. 19 at 1. Ladunskiy, however, has been granted leave to amend his complaint. If the *Bain* decision does support a claim for relief, Ladunskiy may assert the claim and the Court will most likely consider the merits of the claim on a fully briefed dispositive motion. Therefore, there is no need to address the application of the *Bain* decision at this time.

1

**IV. ORDER**

2        Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss is

3  **GRANTED in part** and **DENIED in part** as stated herein.  Ladunskiy may file an

4  amended complaint consistent with this opinion no later than October 12, 2012.

5        Dated this 26th day of September, 2012.

6

7

8                    BENJAMIN H. SETTLE
                     United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22